UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONAVAN FERGUSON A.K.A. RA KA EL VITO ONACONA, )<br><br>Plaintiff, )<br><br>v. )<br><br>INDUSTRY INDIANAPOLIS, et al. )<br><br>Defendants. ) | No. 1:25-cv-01566-JPH-MKK |

**ORDER GRANTING LEAVE TO AMEND, SCREENING AMENDED COMPLAINT, AND GRANTING MOTION TO DISMISS**

Plaintiff, Donavan Ferguson, alleges that he was unlawfully evicted from his apartment. Dkt. 1. The Court screened his complaint, dismissing claims against all defendants except his former landlord, Industry Indianapolis. Dkt. 20. Industry Indianapolis filed a motion to dismiss the claims against it. Dkt. [40]. Mr. Ferguson has filed a motion to amend his complaint to reassert claims against the dismissed defendants. Dkt. [60]. For the reasons below, Mr. Ferguson's motion for leave to amend is **GRANTED**, Industry Indianapolis's motion to dismiss is applied to the amended complaint and **GRANTED**, and Mr. Ferguson's amended complaint is **DISMISSED**.

**I.**
**Motion to Amend Complaint**

In February 2026, Mr. Ferguson filed a motion to amend his complaint to reassert claims against the defendants dismissed at screening. Dkt. 60. Industry Indianapolis opposes the amendment, arguing that amendment is

1

futile or, alternatively, if leave is granted then its motion to dismiss should be applied to the amended complaint.  Dkt. 62.

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend] when justice so requires."  *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).  A plaintiff should therefore "be given every opportunity to cure a formal defect in his pleading . . . even [if] the court doubts that plaintiff will be able to overcome the defects."  *Id.* Under that standard, Mr. Ferguson's motion for leave to amend is **GRANTED**. Dkt. [60]; *see Runnion*, 786 F.3d at 520 ("[A]pplying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits.").  Because Mr. Ferguson's motion to amend is granted, his prior motion to supplement the record is **DENIED as moot**.  Dkt. [27].

Mr. Ferguson's original complaint therefore "drops out of the picture," *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017).  The Court grants Industry Indianapolis's request to apply its motion to dismiss the amended complaint. Dkt. 62 at 7–8.

**II.**
**Industry Indianapolis's Motion to Dismiss**

Industry Indianapolis has filed a motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. [40].  For the reasons below, that motion is **GRANTED**.

2

### A. Facts and Background

Because Industry Indianapolis has moved for dismissal under Rule 12(b)(1) and 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *see Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

After Mr. Ferguson leased an apartment from Industry Indianapolis, he "repeatedly complained of uninhabitable conditions, including inadequate heat during winter months and a non-functional stove." Dkt. 60-1 at 3. Instead of fixing those issues, Defendant Industry Indianapolis began eviction proceedings against Mr. Ferguson in Marion County Small Claims Court. *Id.*

In the eviction case, Mr. Ferguson filed three counterclaims against Industry Indianapolis. Dkt. 41-2; dkt. 41-3; dkt. 41-4.[1] In the second and third counterclaims, he alleged retaliation for complaining about his apartment's living conditions and discrimination for being "made to look like an angry black man." Dkt. 41-3; dkt. 41-4 at 5 (alleging "discrimination and retaliation in housing services"). The state court entered judgment on the counterclaims in Industry Indianapolis's favor on June 20, 2025. Dkt. 41-5.

Mr. Ferguson brought this case in August 2025. Dkt. 1 at 3–4; *see* dkt. 60-1 (amended complaint). Industry Indianapolis has filed a motion to dismiss for lack of jurisdiction and failure to state a claim. Dkt. 40.

---

[1] The Court takes judicial notice of the state-court filings, which Industry Indianapolis provided with its motion to dismiss and Mr. Ferguson does not contest. *See* Fed. Rule Evid. 201; dkt. 43.

### B. Motion to Dismiss Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." When faced with a Rule 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Burwell*, 770 F.3d at 588–89. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage," *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

Under both 12(b)(1) and 12(b)(6), the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616; *see Burwell*, 770 F.3d 586 at 588–89.

4

### C. Analysis

Industry Indianapolis argues that the claims against it must be dismissed because the Court lacks jurisdiction under the *Rooker–Feldman* doctrine, the claims are barred by claim preclusion, and Mr. Ferguson has not pleaded a plausible claim.  Dkt. 41 at 1.  The Court must begin with the *Rooker–Feldman* doctrine because it is jurisdictional.  *See Crawford v. Countrywide Home Loans*, 647 F.3d 642, 645 (7th Cir. 2011).

### 1.  *Rooker–Feldman*

The *Rooker–Feldman* doctrine "prevents lower federal courts from reviewing state-court judgments."  *Id.*  Industry Indianapolis argues that this doctrine applies to Mr. Ferguson's claims because they challenge the state-court eviction judgment.  Dkt. 41 at 6–9.

*Rooker–Feldman* "is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Crawford*, 647 F.3d at 645.  The doctrine therefore "divests district courts of jurisdiction only in cases where the losing party in state court filed suit in federal court *after* the state proceedings ended."  *Parker v. Lyons*, 757 F.3d 701, 705 (7th Cir. 2014) (overruled in part on other grounds in *Hadzi–Tanovic v. Johnson*, 62 F.4th 394, 408 n.4 (7th Cir. 2023)).

Here, Mr. Ferguson's eviction appeal was still pending when he filed this case.  *See* dkt. 1; dkt. 23; dkt. 28.  The state proceedings were therefore still

ongoing, and the *Rooker–Feldman* doctrine does not apply. *Parker*, 757 F.3d at 706 ("*Rooker–Feldman* does not bar the claims of federal-court plaintiffs who . . . file a federal suit when a state-court appeal is pending.").

### 2. Claim Preclusion

Industry Indianapolis argues that Mr. Ferguson's claims against it are barred by claim preclusion because the state court ruled against Mr. Ferguson on his counterclaims. Dkt. 41 at 10–15.[2] Indiana's preclusion rules apply to this argument. *Robbins v. Med-1 Solutions, LLC*, 13 F.4th 652, 656 (7th Cir. 2021); *see Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019). Absent a controlling decision from the Indiana Supreme Court, the Court does its best to predict how that court would rule on the issues of law. *Mashallah, Inc. v. West Bend Mut. Ins. Co.*, 20 F.4th 311, 319 (7th Cir. 2021). In doing so, the Court may consider decisions from the Indiana Court of Appeals. *See id.*

Claim preclusion is "a complete and categorical bar to subsequent litigation on the same claim between identical parties." *Miller v. Patel*, 212 N.E.3d 639, 646 (Ind. 2023). "Underlying claim preclusion are four requirements that must be satisfied":

> (1) the former judgment must have been rendered by a court of competent jurisdiction;
>
> (2) the former judgment must have been rendered on the merits;

---

[2] Claim preclusion is an affirmative defense, so Industry Indianapolis should have filed an answer and a motion for judgment on the pleadings under Rule 12(c), but that error does not affect the standard of review or this Court's ability to address the issue, since the relevant facts have been presented with the complaint and motion to dismiss. *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014); *see Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

(3) the matter now in issue was, or could have been, determined in the prior action; and

(4) the controversy adjudicated in the former action must have between the parties to the present suit or their privies.

*Id.* When those requirements are met, "claim preclusion enacts a robust and powerful prohibition against claim splitting because it extinguishes not only an entire claim . . . but any other possible claims that could have been litigated." *Id.*

Industry Indianapolis argues that all elements of claim preclusion are met here and prevent Mr. Ferguson from bringing his claims in this case. Dkt. 41 at 10–15. Mr. Ferguson responds that claim preclusion does not apply because the small-claims court's judgment is void. Dkt. 43.[3]

For the first element, under Indiana law, a small-claims court is a court of competent jurisdiction. *See* Ind. Code § 33-29-2-4(b) (establishing small-claims court jurisdiction over "civil actions"); Ind. Small Claims Rule 5 (allowing counterclaims); *Freels v. Koches*, 94 N.E.3d 339, 342–43 (Ind. Ct. App. 2018).

Second, the small-claims court rendered a judgment on the merits of Mr. Ferguson's counterclaims. Dkt. 41-5 (entering judgment for Industry Indianapolis for "$0" on Mr. Ferguson's counterclaims after the parties appeared); *see Walker v. Herman & Kittle Props., Inc.*, 178 N.E.3d 1266, 1272 (Ind. Ct. App. 2021) ("A judgment on the merits is one delivered after the court has heard and evaluated the evidence and the parties' substantive

---

[3] Mr. Ferguson also filed four identical "supplemental opposition[s]," arguing only that the motion to dismiss should be denied because "discovery is needed on no due process, retaliation, bias, and void judgment." Dkt. 44; dkt. 46; dkt. 48; dkt. 52.

7

arguments."). Mr. Ferguson argues that this judgment is void because it was entered 99 days after the small-claims court gave Industry Indianapolis possession. Dkt. 43 at 1. But the only statute he cites does not exist. *See id.* (citing Indiana Code § 32-31-7-9(a)). If Mr. Ferguson is instead relying on Indiana Code § 32-31-6-9, that statute does not include a timing requirement or remove a small-claims court's jurisdiction to determine damages after ordering possession. Ind. Code § 32-31-6-9 (authorizing the court to "determine damages" at a "subsequent hearing" after possession has been ordered).

Third, Mr. Ferguson's claims against Industry Indianapolis were or could have been decided in the prior action. "[T]he most critical question" for this element is "whether the present claim was within the issues of the first or whether the claim presents an attempt to split a cause of action." *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011). "The test generally used for determining whether or not the issue could have been decided previously is the identical evidence test: whether identical evidence will support the issues involved in both actions." *Id.*; *accord Freels*, 94 N.E.3d at 344.

Mr. Ferguson's second and third counterclaims in the small-claims court alleged retaliation for complaining about his apartment's living conditions and discrimination for being "made to look like an angry black man." Dkt. 41-3; dkt. 41-4 at 5 (alleging "discrimination and retaliation in housing services"). Here, he similarly raises discrimination and retaliation claims in his housing with Industry Indianapolis. Dkt. 60-1 at 4. Moreover, in Mr. Ferguson's filings

with the Indiana Court of Appeals, he alleged discriminatory treatment and due process violations when Industry Indianapolis chose to evict him instead of repairing his apartment.  Dkt. 41-7 at 3.  That too matches his amended complaint in this case, dkt. 60-1 at 3–4, showing that identical evidence would apply to the claims in both actions, *see Hilliard*, 957 N.E.2d at 1046.  Even if Mr. Ferguson were pursuing new legal theories, Indiana claim preclusion law does not allow claim splitting—"multiple legal theories supporting relief on account of one transaction must be litigated at one go."  *Id.* at 1048 ("Claim splitting is a prohibited practice in Indiana . . . a party is not allowed to split a cause of action, pursing it in a piecemeal fashion and subjecting a defendant to needless multiple suits.").

For the last element, the parties are the same—Mr. Ferguson and Industry Indianapolis are the parties both here and in the small-claims court's judgment on the counterclaims.  *See* dkt. 41-5.

Mr. Ferguson's amended complaint against Industry Indianapolis is therefore dismissed based on claim preclusion.

### III.
### Screening

For the claims in the amended complaint against the remaining defendants, the Court has the inherent authority to screen Mr. Ferguson's complaint.  *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and nonprisoners alike, regardless of fee status.").  The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.

*Id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 678. *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### A. The Complaint

After Mr. Ferguson leased an apartment from Industry Indianapolis, he "repeatedly complained of uninhabitable conditions, including inadequate heat during winter months and a non-functional stove." Dkt. 60-1 at 3. Instead of fixing those issues, Defendant Industry Indianapolis began eviction proceedings against Mr. Ferguson in Marion County Small Claims Court. *Id.* Someone also damaged Mr. Ferguson's property, including the entry door to the apartment, "in further retaliation." *Id.*

In December 2024, "a judgment for possession was entered using a pre-filled order signed by [Judge] Roper, despite statements on the record by [Judge] Strugill indicating no wrongdoing and no basis for emergency eviction." *Id.* Mr. Ferguson appealed, and a court clerk, Mary Clems, "interfere[d] with

10

filings, monitor[ed] or block[ed] mail, and with[held] approved transcripts.  *Id.* at 2.  The Indiana Court of Appeals dismissed the appeal in December 2025. *Id.* at 4.

Mr. Ferguson also alleges that "unknown IMPD officers . . . drew firearms on [him] at his sleeping location" in June 2025, and that unspecified hospital staff forcibly medicated him.  *Id.* at 2.

In addition to Industry Indianapolis, Mr. Ferguson names as Defendants Industry Indianapolis's employees or agents James Bryan, Morgan Harrington, Emma Kooy, and Ben Schooley; Judge Roper and Judge Strugill; court staff Mary Clems and "unknown court clerk and security staff"; and "John Does 1– 10 (IMPD officers and hospital staff)."  *Id.* at 1–2.  Mr. Ferguson alleges due process, equal protection, and access to courts violations; a violation of the Fair Housing Act; and a civil conspiracy to violate his civil rights.  *Id.* at 4.

### B. Screening Analysis

The claims against Judge Roper and Judge Strugill must be dismissed because, as judicial officers, they are entitled to "complete immunity from suit." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005).  Mr. Ferguson alleges that Judge Roper used a prefilled eviction judgment, but that does not suggest that either judge acted outside his or her judicial capacity or signed the judgment "in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  Instead, the action was "judicial" in nature because it "is a function normally performed by a judge."  *Id.*  The claims against Judge Roper and Judge Strugill therefore must be dismissed.

11

For the claims against James Bryan, Morgan Harrington, Ben Schooley, and Emma Kooy, Mr. Ferguson has not made factual allegations that could support a claim for relief. *See* dkt. 60-1 at 2–4. His only allegations about these defendants are that they were employees or agents of Industry Indianapolis and "participated in . . . retaliatory and unlawful conduct." *Id.* These defendants, however, can be liable only if they "personally caused or participated in" a violation of Mr. Ferguson's rights. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 824 (7th Cir. 2022); *see Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (A complaint must "adequately connect specific defendants to illegal acts."). Mr. Ferguson's allegations are too vague to put any of these defendants on notice of any alleged wrongdoing. *See Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013) ("Each Defendant is entitled to know what he or she did that is asserted to be wrongful."). And none of Mr. Ferguson's allegations connect any of these defendants or their actions to a protected characteristic for his Fair Housing Act or equal protection claims. The claims against these defendants therefore must be dismissed.

Mr. Ferguson next alleges that court employee Mary Clems was involved in processing his appeal and "interfere[ed] with filings, monitor[ed] or block[ed] mail, and with[held] approved transcripts." Dkt. 60-1 at 2. The docket from Mr. Ferguson's appeal, however, shows that Mr. Ferguson was able to make dozens of filings in the Indiana Court of Appeals. *See Ferguson v. Industry*

12

*Indianapolis*, 25A-EV-01751 (Ind. Ct. App.).[4]  And while Mr. Ferguson alleges that Ms. Clems withheld transcripts, leading to his appeal's dismissal, the appellate docket shows that Mr. Ferguson's appeal was instead dismissed for failure to file a timely and compliant brief.  *Id.* (Dec. 12, 2025 Order Dismissing Appeal with Prejudice).  Mr. Ferguson's allegations therefore do not support any claim for relief against Ms. Clems.  *Brooks*, 578 F.3d at 580–81 ("[S]ome allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim."); *Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022) (access to courts claim requires "official acts frustrating the litigation," but Mr. Ferguson was able to make filings in his appeal).

Next, Mr. Ferguson's claims against "unknown court clerk and security staff" and "John Does 1–10 (IMPD officers and hospital staff)" must be dismissed.  As with the other individual defendants, Mr. Ferguson's allegations are too vague to put any of these defendants on notice of any alleged wrongdoing.  *See Bank of Am., N.A.*, 725 F.3d at 818; *Brooks*, 578 F.3d at 580. Moreover, "it is pointless to include [an] anonymous defendant" because "this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."  *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997); *see Herrera v. Cleveland*, 8 F.4th 493, 497 (7th Cir. 2021).  These claims are dismissed without prejudice, so Mr. Ferguson may file

---

[4] The Court takes judicial notice of the Indiana Court of Appeals' docket and orders. *See* Fed. R. Evid. 201.

a new complaint with his allegations against these defendants if he learns their identities. *See Troya v. Wilson*, 807 Fed. App'x 556, 560 (7th Cir. 2020) (explaining that if a plaintiff learns the defendant's name, he can "amend his complaint to add the defendant").

Finally, for his civil conspiracy claim, Mr. Ferguson has not alleged facts supporting a "conspiratorial agreement or any improper complicity." *Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011). His "mere suspicion that persons adverse to [him] had joined a conspiracy against him [is] not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). This claim therefore must be dismissed.

Because Mr. Ferguson has not pleaded a viable claim in his amended complaint, it must be dismissed.

## IV.
### Motions for Injunctive Relief

Because Mr. Ferguson's amended complaint is dismissed, his motions for injunctive relief are **DENIED**. Dkt. [23]; dkt. [28]; *see Minocqua Brewing Co. LLC v. Hess*, 160 F.4th 849, 855 (7th Cir. 2025) ("A plaintiff seeking a preliminary injunction must establish a likelihood of success on the merits," which "depends on their prospects of successfully meeting the elements" of the claims.).

## V.
### Motions to Appoint Counsel

Mr. Ferguson has filed three renewed motions for appointment of counsel. Dkt. 33; dkt. 35; dkt. 36. Litigants in federal civil cases do not have a

constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). "Two questions guide this court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Here, for the first question, Mr. Ferguson has shown a reasonable attempt to obtain counsel. *See Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) (requiring "some effort to secure a lawyer in the private market").

For the second question, the Court considers "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). At this stage, Mr. Ferguson has shown that he can effectively communicate the claims he intends to pursue and the supporting factual allegations. *See* dkt. 1; dkt. 60; *Mapes v. Indiana*, 932 F.3d 968, 971–72 (7th Cir. 2019). While Mr. Ferguson faces substantial challenges, including homelessness and caring for minors, many pro se parties face similar situations. *See* dkt. 33-1; dkt. 35. He also explains that he has earned a paralegal certificate and worked to teach himself the law, and his

filings show that he has been able to understand and participate in the legal process. *See id.*

Mr. Ferguson's renewed motions to appoint counsel are therefore **DENIED without prejudice**. Dkt. [33]; dkt. [35]; dkt. [36].

### V.
### Conclusion

Mr. Ferguson's motion to amend his complaint is **GRANTED**. Dkt. 60. The **Clerk is directed** to redocket the amended complaint, dkt. 60-1, as the operative complaint in this case. Mr. Ferguson's prior motion to supplement the record is **DENIED as moot**. Dkt. [27].

Industry Indianapolis's motion to dismiss, as applied to the amended complaint, is **GRANTED**. Dkt. [40]. The Court has screened the amended complaint and claims against the John Doe defendants are dismissed without prejudice and Mr. Ferguson's claims against the remaining defendants are dismissed with prejudice.

Mr. Ferguson's motions for injunctive relief are **DENIED**. Dkt. [23]; dkt. [28]. Mr. Ferguson's renewed motions for counsel are also **DENIED**. Dkt. [33]; dkt. [35]; dkt. [36].

Mr. Ferguson **SHALL HAVE THROUGH May 28, 2026** to show cause why final judgment should not issue consistent with this order.

**SO ORDERED.**

Date: 5/7/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONAVAN FERGUSON A.K.A. RA KA EL VITO ONACONA
125 W. South Street
General Delivery
Indianapolis, IN 46206

All electronically registered counsel