UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONAVAN FERGUSON A.K.A. RA KA EL )
VITO ONACONA, )
            )
            Plaintiff, )
            )
            v. )    No. 1:25-cv-01566-JPH-MKK
            )
INDUSTRY INDIANAPOLIS, et al. )
            )
            Defendants. )

**ORDER**

Plaintiff, Donavan Ferguson, alleges that he was unlawfully evicted from his apartment.  Dkt. 1. The Court screened his complaint, dismissing claims against all defendants except his former landlord, Industry Indianapolis.  Dkt. 20; dkt. 69.  Industry Indianapolis filed a motion to dismiss, arguing that (1) the Court lacks jurisdiction under the *Rooker–Feldman* doctrine, (2) the claims are barred by claim preclusion, and (3) Mr. Ferguson has not pleaded a plausible claim.  Dkt. 40; dkt. 41.

In May 2026, the Court granted Industry Indianapolis's motion to dismiss and ordered Mr. Ferguson to show cause why final judgment should not enter.  Dkt. 69.  That order explained that the *Rooker–Feldman* doctrine did not preclude federal jurisdiction because Mr. Ferguson's state-court appeal was pending when he filed this case; and instead found that Mr. Ferguson's complaint should be dismissed based on claim preclusion.  *Id.* at 5–9.

After that order, on June 18, 2026, the Supreme Court clarified the scope of the *Rooker–Feldman* doctrine.  *T.M. v. Univ. of Md. Med. Sys. Corp.*, No.

1

25-197, 608 U.S. ----, 2026 WL 1751823 (2026).  The Court held that the *Rooker–Feldman* doctrine still "bars suit when the state-court judgment at issue is subject to further review in state appellate proceedings."  *Id.* at *3. This Court's prior order concluding that *Rooker–Feldman* did not apply is therefore superseded by *T.M.  See id.* at *5 n.2 (rejecting lower courts' holdings "that *Rooker–Feldman* applies only if the state-court proceedings have 'ended'"). Because *Rooker–Feldman* is jurisdictional and must be addressed before the merits, the Court returns to the *Rooker–Feldman* doctrine in light of *T.M.  See id.* at *6 (When it applies, *Rooker–Feldman* "require[s] dismissal for want of subject-matter jurisdiction.").

The *Rooker–Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *T.M.*, 2026 WL 1751823 at *6.

Here, Mr. Ferguson lost in the state court and is subject to its judgment. *See* dkt. 41-5 (state-court judgment).  Mr. Ferguson briefly argues that *Rooker– Feldman* does not apply because the state-court judgment "is void ab initio for lack of jurisdiction."  Dkt. 43 at 1.  But even a void state-court judgment triggers *Rooker–Feldman* because under the doctrine federal "[d]istrict courts generally lack any power to review directly cases from state courts," regardless of the scope of the state court's authority.  *T.M.*, 2026 WL 1751823 at *5.  The Seventh Circuit has therefore expressly rejected a void-state-judgment

2

exception to the *Rooker–Feldman* doctrine. *Schmitt v. Schmitt*, 324 F.3d 484, 486–87 (7th Cir. 2003) (affirming *Rooker–Feldman* dismissal because the "state courts were competent to determine their own jurisdictional boundaries, so there is no need for the federal courts to intervene").

Mr. Ferguson's complaint also alleges injuries caused by the state-court judgment before he brought this case. *See T.M.*, 2026 WL 1751823 at *6. His alleged injuries are homelessness and being "deprived . . . of property, liberty, and access to the courts without due process of law." Dkt. 70 at 4–5. It was the state-court judgment that "effectuated" those injuries, so this *Rooker–Feldman* element is met. *Gilbank v. Wood Cnty. Dept. of Human Servs.*, 111 F.4th 754, 768 (7th Cir. 2024) (en banc). Indeed, in *Gilbank*, the *en banc* Seventh Circuit held that plaintiff's similar due process claims "allege[d] injury only by the state-court judgments that deprived her of custody of her daughter." *Id.* The Seventh Circuit has also applied this rule to foreclosures ordered by a state court, affirming a *Rooker–Feldman* dismissal because "the foreclosure" at issue "was effectuated by the state court's judgment." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011). The same reasoning applies here. *See id.*

Finally, Mr. Ferguson's complaint invites "district court review and rejection" of the state-court judgment. *T.M.*, 2026 WL 1751823 at *6. This *Rooker–Feldman* element is met when "the plaintiff asks a federal court to 'overturn' or 'undo' the state court judgment." *Gilbank*, 111 F.4th at 792 (en banc). Here, Mr. Ferguson expressly requests "[d]eclaratory relief declaring the

3

June 20, 2025 state money judgment void." Dkt. 70 at 5.  And Mr. Ferguson's request for compensatory damages in this case similarly challenges the state-court's judgment, because it rejected his counterclaims for monetary damages. Dkt. 41-5; *Gilbank,* 111 F.4th at 795 (en banc) (explaining that *Rooker–Feldman* properly barred a damages suit in *Bauer v. Koester,* 951 F.3d 863 (7th Cir. 2020) because awarding damages would void the state court's monetary judgment).  Since Mr. Ferguson "seeks relief that is tantamount to vacating the state judgment," *Rooker–Feldman* applies.  *Mains v. Citibank, N.A.,* 852 F.3d 669, 675 (7th Cir. 2017); *accord T.M.,* 2026 WL 1751823 at *10 n.10 (affirming dismissal under *Rooker–Feldman* of suit seeking to "void and enjoin" the state-court consent order).

Mr. Furguson **SHALL HAVE THROUGH July 22, 2026** to show cause why judgment should not enter dismissing the claims against Industry Indianapolis without prejudice for lack of jurisdiction and dismissing the claims against the remaining defendants in accordance with this Court's screening order.[1]  Dkt. 69.

**SO ORDERED.**

Date: 6/23/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] The *Rooker–Feldman* doctrine does not apply as to the other defendants because only Industry Indianapolis was a party in the state-court action.  *See Mitchell v. Durham Enters., Inc.,* 99 F.4th 978, 986 (7th Cir. 2024) ("*Rooker–Feldman* does not apply where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding.").

Distribution:

DONAVAN FERGUSON A.K.A. RA KA EL VITO ONACONA
125 W. South Street
General Delivery
Indianapolis, IN 46206

All electronically registered counsel