UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONAVAN FERGUSON A.K.A. RA KA EL )
VITO ONACONA,                    )
                                 )
            Plaintiff,           )
                                 )
        v.                       )    No. 1:25-cv-01566-JPH-MKK
                                 )
INDUSTRY INDIANAPOLIS, et al.    )
                                 )
            Defendants.          )

**ORDER**

Plaintiff, Donavan Ferguson, alleges that he was unlawfully evicted from his apartment.  Dkt. 1; dkt. 70. The Court screened his complaint, dismissing claims against all defendants except his former landlord, Industry Indianapolis. Dkt. 20; dkt. 69.  Industry Indianapolis filed a motion to dismiss, arguing that (1) the Court lacks jurisdiction under the *Rooker–Feldman* doctrine, (2) the claims are barred by claim preclusion, and (3) Mr. Ferguson has not pleaded a plausible claim.  Dkt. 40; dkt. 41.  In May 2026, the Court granted Industry Indianapolis's motion to dismiss based on claim preclusion.  Dkt. 69.

After that order, on June 18, 2026, the Supreme Court clarified the scope of the *Rooker–Feldman* doctrine.  *T.M. v. Univ. of Md. Med. Sys. Corp.*, No. 25-197, 608 U.S. ----, 2026 WL 1751823 (2026).  The Supreme Court held that the *Rooker–Feldman* doctrine "bars suit when the state-court judgment at issue is subject to further review in state appellate proceedings," as is the case here. *Id.* at *3.  This Court therefore ordered Mr. Furguson to show cause why judgment should not enter (1) dismissing the claims against Industry

1

Indianapolis without prejudice for lack of jurisdiction under the *Rooker–Feldman* doctrine, and (2) dismissing the claims against the remaining defendants in accordance with the prior screening order.  Dkt. 69.

Mr. Ferguson has responded to that show cause order.  Dkt. 82.  He first argues that *Rooker–Feldman* cannot bar his claims against the individual defendants because they were not parties to the state-court action.  *Id.* at 1. The show cause order recognized that was the case, explaining that "[t]he *Rooker–Feldman* doctrine does not apply as to the other defendants because only Industry Indianapolis was a party in the state-court action."  Dkt. 79 at 4 n.1 (citing *Mitchell v. Durham Enters., Inc.*, 99 F.4th 978, 986 (7th Cir. 2024)). Mr. Ferguson's claims against those defendants therefore will not be dismissed for lack of jurisdiction under *Rooker–Feldman.*

For Industry Indianapolis, Mr. Ferguson argues that his claims include allegations from after the state-court proceeding concluded, so they should not be barred by *Rooker–Feldman.*  Dkt. 82 at 2.  But he does not cite any actions taken by Industry Indianapolis.  *Id.*  Instead, he relies on the state courts' alleged withholding of transcripts and blocking mail, IMPD officers' drawing their guns on him while he was sleeping in his car, and unidentified medical providers' forcibly medicating him at the hospital.  *Id.*  The claims against Industry Indianapolis are therefore subject to dismissal under *Rooker–Feldman* for the reasons in the Court's show cause order.  *See* dkt. 79 (explaining *T.M.*, 2026 WL 1751823 at *5–6 and *Gilbank v. Wood Cnty. Dept. of Human Servs.*, 111 F.4th 754, 768 (7th Cir. 2024) (en banc)).

2

Mr. Ferguson next argues that he needs transcripts of the state-court proceedings in order to further respond to the Court's show cause order. Dkt. 82; dkt. 88. The *Rooker–Feldman* doctrine, however, is based on the principle that the Supreme Court of the United States "is the only federal court with appellate jurisdiction to review state-court judgments." *T.M.*, 2026 WL 17151823 at *5. This Court, as a federal district court, cannot review the state-court judgment, even if it "was wrong." *Id.* at 5. Instead, Mr. Ferguson was obligated to appeal to Indiana's state courts and, if necessary, to the Supreme Court of the United States. *Id.* at 5–6 ("Federal district courts, by contrast, are empowered to exercise only original, not appellate, jurisdiction."). Because the state-court transcripts therefore would not affect *Rooker–Feldman* even if they showed error in the proceedings, Mr. Ferguson's motions for an extension of time to obtain transcripts and respond to the Court's show-cause order are **denied**. Dkt. [84]; dkt. [85]; dkt. [91]; dkt. [92]; dkt. [93]. For the same reasons, Mr. Ferguson's motion for an evidentiary hearing regarding the state-court proceedings is **denied**. Dkt. [90]. Because Mr. Ferguson is not entitled to the transcripts and the show cause period has expired, *see* dkt. 79, his motion requesting that his claim proceed against Industry Indianapolis is **denied**. Dkt. [73].

Mr. Ferguson also argues that final judgment should not enter against the individual defendants. He contends that his access to courts claim should proceed against state-court clerk Mary Clems because she obstructed his state-court appeal. Dkt. 74 at 2. But as the Court's screening order explained, the

3

docket from Mr. Ferguson's state-court appeal shows that he "was able to make dozens of filings in the Indiana Court of Appeals" and that the appeal was dismissed "for failure to file a timely and compliant brief" rather than for any actions attributable to Ms. Clems.  Dkt. 69 at 12–13; *see Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022) (access to courts claim requires "official acts frustrating the litigation").

Mr. Ferguson also argues that he has pleaded Fair Housing Act claims against four other defendants because he alleged that they "participated in retaliatory or unlawful conduct."  Dkt. 74 at 3.  That legal conclusion cannot support a plausible claim and is not enough to plausibly plead those Defendants' personal involvement in any Fair Housing Act violation.  Dkt. 69 at 12 (citing *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 824 (7th Cir. 2022); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009)).  Mr. Ferguson's motion for reconsideration of the Court's order dismissing individual defendants is therefore **denied**.  Dkt. [74].

Final judgment will issue by separate entry.  *See* dkt. 69; dkt. 79.

**SO ORDERED.**

Date: 7/31/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONAVAN FERGUSON A.K.A. RA KA EL VITO ONACONA
125 W. South Street
General Delivery
Indianapolis, IN 46206

All electronically registered counsel

4